ELECTRONICALLY FILED - 2021 Jun 29 2:37 PM - DILLON - COMMON PLEAS - CASE#2021CP1700252

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FOURTH JUDICIAL CIRCUIT |
| COUNTY OF DILLON ) | CIVIL ACTION NO.: 2021-CP-17- |
| ) | |
| James Willie Washington, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **SUMMONS** |
| Anthony Willard Coe & Papa Trucking, LLC, ) | **(Jury Trial Demanded)** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

TO: THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, George D. Jebaily, Esq., Jebaily Law Firm, P.A., Post Office Box 1871, Florence, South Carolina 29503 within THIRTY (30) DAYS after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint, within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

JEBAILY LAW FIRM, P.A.

BY:  /s/ George D. Jebaily
George D. Jebaily, Esq., SC Bar No.: 2965
Post Office Box 1871
Florence, South Carolina 29503
Phone: 843-667-0400
Fax: 843-661-6424
E-mail: gjebaily@jebailylaw.com

ATTORNEY FOR PLAINTIFF

Florence, South Carolina
June 29, 2021

ELECTRONICALLY FILED - 2021 Jun 29 2:37 PM - DILLON - COMMON PLEAS - CASE#2021CP1700252

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FOURTH JUDICIAL CIRCUIT |
| COUNTY OF DILLON ) | CIVIL ACTION NO.: 2021-CP-17 |
| ) | |
| James Washington, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| Anthony Willard Coe & Papa Trucking, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### JURISDICTIONAL STATEMENT

The Plaintiff, complaining of the Defendants herein, would respectfully show unto this court that:

1. At all relevant times herein, the Plaintiff was a citizen and resident of the State of South Carolina, County of Dillon.

2. That, upon information and belief, the Defendant, Anthony Willard Coe, at all times relevant herein and at the time the cause of action arose, was a citizen and resident of the County of Mecklenburg, State of North Carolina.

3. That, upon information and belief, at the time the cause of action arose, the Defendant, Papa Trucking, LLC, was a domestic corporation, registered with the North Carolina Secretary of State under the name Papa Trucking, LLC.

4. That, upon information and belief Defendant, Papa Trucking, LLC, is a domestic corporation organized and existing under the laws of the State of North Carolina, and that at all times herein was authorized to conduct business and does conduct business within the State of North Carolina and the State of South Carolina, specifically including Dillon County, South Carolina.

5. That the events hereinafter described occurred in Dillon County, South Carolina.

ELECTRONICALLY FILED - 2021 Jun 29 2:37 PM - DILLON - COMMON PLEAS - CASE#2021CP1700252

6.      That this Court has jurisdiction over the parties and matters in controversy.

## FACTUAL ALLEGATIONS

7.      The Plaintiff hereby repeats and realleges the allegations contained in each and every paragraph above as if repeated verbatim herein.

8.      That, upon information and belief, on or about July 7, 2018, the Plaintiff, James Washington, was operating his 2004 Nissan while headed north on Interstate 95 in the County of Dillon, State of South Carolina.

9.      That, upon information and belief, on or about the same date and at or about the same place, a 1999 Freightliner truck which, upon information and belief, was owned by and titled to the Defendant, Papa Trucking, LLC, was being operated by the Defendant, Anthony Willard Coe, who was in the course and scope of his employment with Papa Trucking, LLC, and was traveling south on Interstate 95 in the County of Dillon, State of South Carolina, with the consent and permission, either expressed or implied, of the owner, Defendant, Papa Trucking, LLC.

10.     That, upon information and belief, at the time of the subject incident, Defendant, Anthony Willard Coe, was acting as the agent, servant, and/or employee and in the course and scope of his employment on behalf of Defendant, Papa Trucking, LLC.

11.     That, upon information and belief, the 1999 Freightliner truck being operated by Defendant, Anthony Willard Coe, experienced equipment failure when the left front tire separated from the truck and crossed into the northbound lanes of traffic on Interstate 95 and thereafter struck the Plaintiff's vehicle on the left front side while the Plaintiff was traveling northbound on Interstate 95.

12.     That the Defendants owed a duty of due care to maintain their truck in a mechanically safe condition to protect the safety of the traveling public, and in particular the Plaintiff.

13.     That the Defendants breached their duty of due care owed to the traveling public, and

ELECTRONICALLY FILED - 2021 Jun 29 2:37 PM - DILLON - COMMON PLEAS - CASE#2021CP1700252

in particular the Plaintiff, and, that such breach of duty of due care on the part of the Defendants, jointly and severally, was the direct and proximate cause of the aforementioned collision and the injuries sustained by the Plaintiff.

### FOR A FIRST CAUSE OF ACTION - AS TO ALL DEFENDANTS
### ( NEGLIGENCE AND AGENCY)

14. The Plaintiff hereby repeats and realleges the allegations contained in each and every paragraph above as if repeated verbatim herein.

15. That the Defendants, had, or should have had, adequate opportunity to perceive the Plaintiff traveling in the northbound lane of Interstate 95, and that the injuries and losses which Plaintiff sustained were directly and proximately caused and occasioned by the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendant in one or more of the following particulars, to wit:

   a. In driving a vehicle in an unsafe condition upon the roadways of the State of South Carolina;

   b. In operating a vehicle in a reckless manner which was in willful and wanton disregard for the safety of the Plaintiff all in violation of §56-5-2920 of the Code of Laws of South Carolina, (1976, as amended);

   c. In failing to properly equip the said motor vehicle with adequate and safe tires, brakes and/or steering mechanism; in violation of §56-5-4410 of the Code of Laws of South Carolina (1976, as amended); and if so properly equipped in failing to properly utilize them;

   d. In failing to keep a proper look out;

   e. In failing to maintain proper control over the aforesaid motor vehicle;

   f. In operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Plaintiff;

   g. In failing to take advantage of any last clear chance to keep the tires on the truck from striking the Plaintiff, when the Defendant saw, or should have seen, the Plaintiff in the roadway;

   h. That the actions of the Defendant, Anthony Willard Coe, individually, were done in the course and scope of employment with the Defendant, Papa Trucking, LLC,

and that these Defendants are responsible pursuant to the doctrine of Respondeat Superior;

i. In failing to take appropriate and necessary measures to properly secure the front tire of the Defendant's truck and keep it from striking the Plaintiff's vehicle;

j. In failing to exercise that degree of care and caution which a reasonable and prudent truck driver and truck owner would have exercised under the same or similar circumstances;

k. Was guilty of other negligent acts and omissions not specifically alleged but to be proven at trial; and

l. Violated the laws, statutes, and ordinances of the State of South Carolina.

Which negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, jointly and severally, directly and proximately caused the injuries and losses of the Plaintiff as is hereafter set forth.

## FOR A SECOND CAUSE OF ACTION - AS TO DEFENDANT, PAPA TRUCKING, LLC
### (Negligent Hiring, Supervision & Retention)

16. The Plaintiff hereby repeats and realleges the allegations contained in each and every paragraph above as if repeated verbatim herein.

17. That the Defendant, Papa Trucking, LLC, had, or should have had, adequate opportunity to perceive the Plaintiff traveling in the northbound lane of Interstate 95, and that the injuries and losses which the Plaintiff sustained were directly and proximately caused and occasioned by the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendant in one or more of the following particulars, to wit:

a. In then and there failing to use reasonable care in selecting and retaining competent and fit employees;

b. In then and there hiring Defendant, Anthony Willard Coe, as a driver when they knew or should of known he was not fit to perform the duties of the job in a safe and proper manner without causing harm to others, specifically these Plaintiff;

c. In then and there failing to conduct a reasonable investigation to determine if Defendant, Anthony Willard Coe, was fit for the work assigned to him;

ELECTRONICALLY FILED - 2021 Jun 29 2:37 PM - DILLON - COMMON PLEAS - CASE#2021CP1700252

d.   In then and there failing to provide proper and necessary supervision and monitoring to ensure the Defendant, Anthony Willard Coe, performed his duties in a proper and safe manner;

e.   In then and there hiring and retaining Defendant, Anthony Willard Coe, as an employee, when they knew or should have known he was unable to conduct himself properly in his capacity as driver;

f.   In then and there hiring and retaining Defendant, Anthony Willard Coe , as an employee when they knew or should have known he was in the habit of misconducting himself in a manner dangerous to others;

g.   In then and there hiring and retaining Defendant, Anthony Willard Coe, when they knew or should have known he demonstrated a propensity, proclivity or course of conduct for dangerous and/or tortious behavior;

h.   In then and there retaining Defendant, Anthony Willard Coe, as an employee and failing to investigate, discharge or reassign him when they were aware or should have become aware of the problems that indicated his unfitness;

i.   Was guilty of other negligent acts and omissions not specifically alleged but to be proven at trial; and,

j.   Violated the laws, statutes, ordinances of the State of South Carolina.

Which negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendant, Papa Trucking, LLC, directly and proximately caused the injuries and losses of the Plaintiff as is hereafter set forth.

## DAMAGES

18.   The Plaintiff hereby repeats and realleges the allegations contained in each and every paragraph above as if repeated verbatim herein.

19.   That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendants, jointly and severally, the Plaintiff, James Washington:

a.   Was struck by the Defendants' motor vehicle;

b.   Was severely, seriously, painfully and permanently injured;

c.   Suffered injuries, bruises and contusions about various parts of his body;

d. Was subjected to the administration of strong and potent drugs and medications;

e. Suffered extreme, painful and dangerous injuries to his neck, shoulders, lower back and left knee, from which the Plaintiff is informed and believes he will have permanent adverse effect and disability;

f. Has incurred and will incur in the future, substantial medical and doctor bills due to his injuries;

g. Was subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

h. Was humiliated and embarrassed before his friends and neighbors;

i. Has been and will be, prevented from attending to her usual and ordinary household duties;

j. Suffered a financial loss due to inability to work;

All to his damage, both actual and punitive, in an amount to be determined by the trier of facts.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined by the trier in fact, actual and punitive damages, for the cost of this action, and for such other and further relief as this Honorable Court may deem just and proper.

***DEFENDANTS AND THEIR ATTORNEYS ARE HEREBY NOTIFIED THAT PLAINTIFF HAS SERVED INTERROGATORIES AND REQUESTS FOR PRODUCTION WITH THE SUMMONS AND COMPLAINT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER RULES 33(a) & 34(b), SCRCP. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, HE/SHE IS ADVISED TO CONTACT PLAINTIFF'S COUNSEL IMMEDIATELY TO OBTAIN."***

ELECTRONICALLY FILED - 2021 Jun 29 2:37 PM - DILLON - COMMON PLEAS - CASE#2021CP1700252

ELECTRONICALLY FILED - 2021 Jun 29 2:37 PM - DILLON - COMMON PLEAS - CASE#2021CP1700252

JEBAILY LAW FIRM, P.A.

BY: s/George D. Jebaily
George D. Jebaily, SC Bar No.: 2965
Post Office Box 1871
Florence, South Carolina 29503-1871
Phone: (843) 667-0400
Fax: (843) 661-6424
E-mail: gjebaily@jebailylaw.com

ATTORNEY FOR PLAINTIFF

Florence, South Carolina
June 29, 2021